**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Carlos Andres SAUZO–IZAGUIRRE,
Defendant–Appellant.**

No. 04–40434.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Dec. 17, 2004.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Roland E. Dahlin, II, Federal Public Defender, David Lopez, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM: *

Carlos Andres Sauzo–Izaguirre ("Sauzo") pleaded guilty to one count of illegal reentry into the United States. Sauzo argues that the district court erred by characterizing his state felony conviction for possession of a controlled substance as an "aggravated felony" for purposes of U.S.S.G. § 2L1.2(b)(1)(C), because that same offense is punishable only as a misdemeanor under federal law. This issue, however, is foreclosed. *See United States v. Caicedo–Cuero,* 312 F.3d 697, 706–11 (5th Cir.2002); *United States v. Hinojosa–Lopez,* 130 F.3d 691, 693–94 (5th Cir.1997). Thus, Sauzo fails to show that the district court erred by characterizing his state conviction as an aggravated felony for U.S.S.G. § 2L1.2(b)(1)(C) purposes and by sentencing him accordingly.

Sauzo argues that 8 U.S.C. § 1326(b) is unconstitutional on its face and as applied in his case because it does not require the fact of a prior felony or aggravated felony conviction to be charged in the indictment and proved beyond a reasonable doubt. This argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *See United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000).

Sauzo also argues that, if *Almendarez–Torres* is overruled and if *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), applies to the federal sentencing guidelines, the district court violated his right to a trial by jury by enhancing his sentence based on his prior convictions, which were not submitted to a jury or admitted by Sauzo. In addition to the obstacle posed by *Almendarez–Torres,* Sauzo's argument regarding the effect of *Blakely* is foreclosed by *United States v. Pineiro,* 377 F.3d 464, 465–66 (5th Cir. 2004), *petition for cert. filed* (U.S. July 14, 2004) (No. 04–5263), in which this court held that *Blakely* does not apply to the federal sentencing guidelines.

The judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.